## McNitt v. Helm.

Promissory note: LATENT DEFENSES. In an action on a promissory note it appeared that the defendant executed the note for property bid in by him at an administrator's sale as the agent, and in the absence of his principal; that this agency was known to the administrator; that defendant executed the note at his request and under the agreement that the administrator would, when defendant's principal returned, obtain his signature to the note and release defendant. He did procure the principal's signature, but failed to release defendant. *Held*, that the facts shown presented a good defense as against the original payee or an indorsee after maturity.

*Appeal from Tama District Court.*

Thursday, February 22.

STATUTE OF LIMITATIONS. This cause has before been in this court. See 29 Iowa, 302. After it was remanded to the district court an amended answer was filed and it was again tried. The issue presented by the pleadings is

whether the note, which is the foundation of the action, is barred by the statute of limitations. The notes became due in 1853, the action was commenced in 1869. Plaintiff, in his petition, avers that the debt still justly subsists and that the same will be proved by the answer of defendant and by his testimony as a witness. The amended answer sets up the following facts: That defendant, as the agent of other parties, purchased at an administrator's sale certain property. That the notes were given by defendant under an agreement with the payees, one of whom was the administrator, that for their convenience defendant should execute the note, which should be given up, and plaintiff's principal, with another as security, should give their note in the place of the one signed by defendant. This arrangement was made on account of the absence of the principal. Plaintiff procured the principal to sign the note executed by defendant, but did not procure the signature of the other party, and did not release defendant. The cause was submitted to the court without a jury, and judgment was rendered for defendant. Plaintiff appeals.

*Boardman, Brown & Williams* for the appellant.

*Henderson & Merriman* for the appellee.

BECK, Ch. J. — The evidence of defendant is to the effect that he executed the notes, which were given for certain property, purchased at an administrator's sale, as the agent of another; his agency was made known to the administrator. A day or two after the sale, the administrator called upon defendant, representing that he wanted a note for the property sold, and desired it to be executed on that day. The party who had bought the property, and a brother of defendant, who, it seems, had, after the sale, come into the possession of the property under the purchaser, were absent. The administrator requested defendant to execute his note for the property, and agreed

that, upon the return of his brother and the other party, he would procure their notes in the place of defendants, which should be given up to him. The administrator expressly agreed to procure notes, to be signed by the other parties, and release defendant. This he failed to do. Instead of performing his agreement, he obtained the signature of defendant's brother to the notes given by defendant, and now seeks to enforce them against him. The answer of defendant to the petition states nearly the same matters. It contains hardly as full or as complete a defense as his evidence. No objection, however, was made to the answer in the court below, on the ground that it does not present a sufficient defense; nor was it claimed that the evidence given was not admissible under the answer. Even should it appear that the answer does not contain a defense under Revision, section 2742, if such defense is established by the evidence it is sufficient.

We are required to determine, therefore, whether, under Revision, section 2742, the evidence of defendant shows "that the cause of action still justly subsists" against him.

The testimony of defendant, it appears to us, presents a complete legal defense to the note, in the hands of the payee or a holder with notice. The evidence of defendant shows that the administrator held the notes long after they were due; the plaintiff, therefore, received them after maturity, and is chargeable with notice of the infirmities pertaining to the paper, and is subject to equities existing between the original parties thereto. Plaintiff stands, therefore, in the position of the administrator, who took the notes from defendant. Can it be pretended that, under the state of facts presented by the evidence of defendant, the administrator could recover in an action on the notes? Certainly not. The evidence establishes a legal defense to the notes, as well as an equitable, a *just*, defense. The evidence of defendant thus fails to show that the cause of action still justly subsists. The case is a stronger one for

defendant than *Howells* v. *Patton*, 26 Iowa, 531. The judgment of the district court must be

Affirmed.